UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD A. THOMAS,            )     CASE NO.:
           Plaintiff      )
                         )
v.                        )
                         )
UNITED STATES OF AMERICA,   )
           Defendant   )

## **JURISDICTION & VENUE**

1.     This action is brought pursuant of the Federal Tort Claims Act (FTCA), 28 U.S.C.
§1346(b) *et seq*., against the United States of America, which vests exclusive subject
matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2.     Venue is proper in the United States District Court for the District of Massachusetts
pursuant to 28 U.S.C. §1402(b), because the United States is the defendant and because
plaintiff Richard A. Thomas resides in and/or because the negligent acts and/or omissions
of the defendant took place in the District of Massachusetts.

## **NATURE OF THE ACTION**

3.     This is personal injury action arising out of the injury to Richard A. Thomas on or about
April 30, 2018 in Hingham, Massachusetts on land owned, controlled, operated,
supervised, managed, secured, patrolled, and maintained by the defendant United States
of America through its agency, the United States Postal Service.

1

## PARTIES

4.  Plaintiff Richard A. Thomas is a competent adult who resides at 85 Crane Road, Brockton, Plymouth County, Massachusetts 02302.

5.  This is brought against the United States of America pursuant to 28 U.S.C. §1346(b)(1) *et seq.*, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on 28 U.S.C. §1346(b)(1) and §2674 because the personal injuries and resulting damages that form the basis of this complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, the United States Postal Service. These employees were acting within the course and scope of the their office or employment, under circumstances where the United States of America, if a private person, would be liable to the plaintiff in the same manner and to the same extent as a private individual under the laws of the Commonwealth of Massachusetts.

6.  At all relevant times, the defendant, the United States of America, acted and/or failed to act through the employees of its agency, the United States Postal Service.

7.  Pursuant to 28 U.S.C. §2675, the claims of plaintiff Richard A. Thomas were presented to the appropriate agency of defendant, the United States of America, that is, the United States Postal Service on April 25, 2020. Defendant responded to plaintiff's claims on March 16, 2021, by letter of the same date, denying said claims. See Exhibit A (Denial Letter).

## CAUSE OF ACTION – NEGLIGENCE

8.  Plaintiff incorporates by reference each and every prior allegation as though fully set forth herein.

2

9.      The defendant United States of America was negligent in its conduct and/or omissions leading up to the injury of the plaintiff, Richard A. Thomas on April 30, 2018 by failing to follow reasonable procedures to ensure the safety of those persons lawfully on its premises at its Hingham Post Office .

10.     The defendant, United States of America, was negligent in failing to ensure that the equipment which it expected would be used in the delivering of mail by its contractor to its post office was in a satisfactory, serviceable and safe condition.

## BACKGROUND

11.     Richard A. Thomas had been a truck driver for R&F Transportation of Taunton, Massachusetts, a contractor with United States Postal Service, for about six months prior to the accident.  R&F Transportation picked up large bulk shipments of mail from the United States Postal Service sorting facilities and delivered those shipments to local post office locations throughout the eastern part of the Commonwealth of Massachusetts.

12.     The plaintiff had a route which required him to deliver mail overnight to local post offices in what is referred to as the South Shore, an area south of Boston.

13.     Approximately two weeks prior to April 28, 2018, the plaintiff arrived at the Hingham Post Office at around 2:00 a.m. with the expectation of unloading his large loads of mail and dropping them off in a secure location provided by the Hingham facility.

14.     When he arrived he noticed that there were three pallet jacks at the facility to be used for the transportation of the large bulk loads of mail from the truck onto the loading dock and then into the secure facility in the Hingham Post Office.

15.     Two of those pallet jacks, which were in serviceable conditional with wheels that

functioned, were locked behind a vestibule which was inaccessible to the plaintiff. The only pallet jack accessible to him a defective one, with wheels that barely turned. With great difficulty the plaintiff used the defective pallet jack to unload and deposit the mail. These wrapped loads of mail often weighed over one thousand (1000) pounds. The Plaintiff was there in the middle of the night with no one to help him to deposit the mail which had to be delivered. The loads were wrapped and could not be broken down into smaller pieces. He had to use the defective jack to perform his task, a situation that left him vulnerable.

16.    The plaintiff complained of this to his employer who in fact informed the postal service of the problem.  As early as April 23, the postal service was aware of the problem, and internal memos were exchanged, with one requesting that the plaintiff's employer be provided with a code for its driver so that he could access the functioning pallet jacks and deliver the mail.  The United States Postal Service failed to deliver this code to the driver or to his employer at any time up until the date of the injury.

17.    On April 30, 2018, the plaintiff, Richard A. Thomas, III, arrived at the Hingham Post Office overnight and encountered the same situation that he had encountered on nights prior to that.  Namely, he was unable to access the locked area where the serviceable jacks were stored.

18.    Because of this he attempted to use the faulty jack, the only one that was accessible, in order to pull the mail from his truck to the post office.  While doing so, and having to exert excess force to be able to pull hundreds of pounds of mail, he rolled over on his right ankle and sustained injury.

19.    The plaintiff reported this injury to his supervisors at R&F Transportation and attempted to return to work. After a couple of days of working he was unable to return and he has been out of work since May, 2018, because of the severe pain in his right lower extremity. He has undergone a great deal of treatment, including surgery and may

4

undergo another surgery in the near future.

20.     As a direct and proximate result of the negligent acts and/or omissions of defendant United States of America, the plaintiff has suffered severe personal injury, has incurred great medical expense, pain and suffering, and continues to do so, in an amount to be determined at trial.

21.     As further direct and proximate result of the negligent acts and/or omissions of the defendant, United States of America, plaintiff has experienced and has continued to experience economic loss including but not limited to loss of financial support and other economic benefits in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE plaintiff prays for judgment against defendant, United States of America, for this cause of action as follows:

1.     For general damages according to proof;

2.     For special damages according to proof;

3.     For costs of suit incurred herein; and,

4.     For such other and further relief as the Court may deem just and proper.

5

The Plaintiff,
Richard A. Thomas
By his attorney


/s/ Ronald W. Stoia
Ronald W. Stoia, Esq.
BBO#: 544135
720 Centre Street Unit 3
Brockton, MA 02302
(508) 588-4553
rstoia@ronaldwstoia.com

6